UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 17-20865-CR-RUIZ(s)

UNITED STATES OF AMERICA

       Plaintiff,

vs.

NADER MOHAMAD FARHAT,

       Defendant.
_____/

## GOVERNMENT'S RESPONSE TO THE STANDING DISCOVERY ORDER

The United States of America, in response to the Standing Discovery Order issued in this case, files this response as to defendant Nader Farhat that is alphabetized and numbered to correspond to that original order.

A. 1. The audio recordings of defendant Nader Farhat's calls and meetings with the confidential source are attached, as well as Farhat's calls captured by Paraguayan judicialized wires, and Farhat's emails and messages contained in his electronic devices that were searched based on a search warrant.

    2. The portion of the written record containing the substance of oral statements made by the defendants before or after arrest in response to interrogation by a person then known to the defendant to be a government agent is attached.

    3. The defendant has not testified before a grand jury in this case.

    4. The criminal record of the defendant, if any exists, will be made available upon receipt by the government.

    5. The books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected by calling the undersigned to set up a date and time that is convenient to both parties.

        The attachments to this discovery response are not necessarily copies of all books, papers, documents, and other evidence that the government may intend to introduce at trial.

    6.    There were no physical or mental examinations made in connection with this case.

B.    DEMAND FOR RECIPROCAL DISCOVERY:    The United States requests the disclosure and production of those items described and listed in paragraph B of the Standing Discovery Order, and as provided by Federal Rule of Criminal Procedure 16(b).

C.    The only information or material known to the United States which may be favorable to the defendant on the issues of guilt or punishment within the scope of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) or <u>United States v. Agurs</u>, 427 U.S. 97 (1976) are enclosed in the documents attached to this response.

D.    The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of <u>Giglio v. United States</u>, 405 U.S. 150 (1972), or <u>Napue v. Illinois</u>, 360 U.S. 264 (1959).

E.    The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F.    Reports regarding witnesses' identification of the defendant are enclosed.

G.    The government agents and officers involved in this case have been advised to preserve all rough notes they may have taken.

H.    The United States will advise the defendant, prior to trial, of its intent to introduce during its case in chief, evidence of other crimes, wrongs or acts as provided by Federal Rule of Evidence 404(b). Any evidence made available for inspection may be offered in the government's case in chief under Federal Rule of Evidence 404(b) or otherwise. In particular, the government would reserve the ability to use at trial in this case, as either 404(b) or inextricably intertwined evidence, any evidence that is relevant to the charges in the separate, superseding indictment against Farhat that is currently pending in the Eastern District of New York in case number 18-cr-00292-JMA.

I.    The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance by the United States Government. However, as noted in paragraph A.1, the defendant's calls were surveilled by Paraguayan law enforcement pursuant to their own authority and a copy of those calls are being provided in discovery.

J.  The United States has ordered transcripts of the grand jury testimony of all witnesses who will testify for the government at the trial of this case. The transcripts will be provided as required by Title 18, United States Code, Section 3500.

K.  No contraband was handled or seized as part of this indictment.

L.  The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the U.S. government's possession.

M.  There are no latent fingerprints or palm prints relevant to this case.

N.  To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial.

O.  The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, <u>Brady</u>, <u>Giglio</u>, <u>Napue</u>, and the obligation to assure a fair trial.

In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense was:

Date and Place: See Indictment

The attachments to this response are included on one USB drive, Bates numbered 0001-0739, which is being sent this day by Federal Express to defense counsel. Additionally, one document, Bates numbered 0740-0742, was emailed to defense counsel today. Additional discovery will be forthcoming soon, including the contents of Farhat's computer servers and any additional English translations of relevant messages or other communications, the originals of which in their native language are being produced in this attachment.

A discovery log has been emailed directly to defense counsel.

          Respectfully submitted,

          ARIANA FAJARDO ORSHAN
          UNITED STATES ATTORNEY

By:  s/ Michael Thakur
      MICHAEL THAKUR
      ASSISTANT UNITED STATES ATTORNEY
      Court No. A5501474/
      Florida Bar No. 1011456
      99 Northeast 4th Street
      Miami, Florida 33132-2111
      Tel: (305) 961-9361
      Fax: (305) 530-7976
      Email: Michael.Thakur@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed with the Clerk of Court using CM/ECF this 23rd day of July 2019, and that the foregoing document is being served this day on all counsel of record via Notices of Electronic Filing generated by CM/ECF.

.

                                              s/ Michael Thakur
                                              MICHAEL THAKUR
                                              Assistant United States Attorney