UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  17-20865-CR-RUIZ (s)(s)

UNITED STATES OF AMERICA,

        Plaintiff,

v.

NADER MOHAMAD FARHAT, et al.,

        Defendant.

_____:

## JOINT STATUS REPORT ON DISCOVERY ISSUES

The defendant, Nader Mohammed Farhat, through counsel, and the government hereby reports to the Court the status of discovery, and in support thereof, the parties would state:

### Background

1.    Mr. Farhat is charged by a second superseding indictment with two separate money laundering conspiracies, in violation of 18 U.S.C. §§ 1956(a)(3)((B); 1956(a)(2)(A); 1956(h) and 18 U.S.C. § 1960.  Additionally, Mr. Farhat is charged with six substantive counts of money laundering, in violation of 1956(a)(3)(B).

2.    In essence, counts 1 through 7 allegedly involve a money-laundering sting wherein a confidential source represented that the proceeds were from the distribution of a controlled substance.  This indictment alleges that this conspiracy began around March 14, 2014 and continued until May 2017.

1

3.     The money–laundering conspiracy alleged in count 8, involves the international promotion of and proceeds from conducting an unlicensed money transmitter business, in violation of 18 U.S.C. § 1960.  The indictment alleges that this conspiracy began around January 2013, and continued until May 17, 2018.

4.     Thus far, in response to the Standing Discovery Order, the government has provided the following items or material.

A.     Initial Discovery Response consisting of 32 gigabytes of material, including 2,876 recorded telephone conversations obtained via a Paraguayan Judicial Order authorizing the wiretapping of Mr. Farhat's telephone.  The government's Initial Discovery Response, among other items, also included Reports of Investigation, audio calls, transcripts of meetings between Farhat and a confidential source, and WhatsApp communications between Farhat and his co-conspirators. (DE 20)

B.     An external hard drive that contains a copy of a server seized from Mr. Farhat's residence in Paraguay.  The hard drive contains 1.41 terabytes. Given the size and complexity of the server, there is no forensic report to assist with the search of the server.  The defense has hired a forensic computer expert to do a preliminary examination of the external hard drive. The defense expert estimated that it would cost in excess of $62,000 to review and analyze all the material on the external hard drive containing the copy of the seized server. (DE 22)

C.     On November 21, 2019, the government filed a second superseding indictment naming Diya Salame and Houssam Hachem as co-defendants (DE 29).   On December 12, 2019, the government provided additional discovery which included, Bates Stamp numbers 743-7827 (7,084 pages), consisting of new translations of WhatsApp messages and discovery pertaining to co-defendants Salame and Hachem.   The discovery material pertaining to co-defendants Salame and Hachem includes the contents of their phones, bank statements, law enforcement reports, and recorded law enforcement interviews with Salame.

D.     At a discovery conference on January 22, 2020, the government provided charts that purportedly shows how the money-laundering scheme was organized.   The government advises that the charts were found on the server.   At the request of the defense, the government has tasked a DEA analyst to determine the file names, file locations, and other identifying information for the aforementioned charts. However, as of the time of this filing, the government has not advised the defense where the charts are located on the server.   Additionally, the government provided a disc containing recordings of 372 phone calls that Mr. Farhat made while in custody at the Federal Detention Center.

E.     On March 2, 2020, the government provided additional discovery pertaining to Houssam Hachem, including the contents of his phone and other documents found at his house. Additionally, at the defense's request, the

government produced PDFs of Farhat's emails that were previously produced in a different electronic format, which the defense was not able to fully view.

### Joint Agreement

The defense and the government agree to the following:

a.      The government does not intend to introduce at trial, recordings of any of the phone conversations obtained by way of Paraguayan Judicial Wiretap.  The government does intend to introduce audio recordings and transcripts of the alleged transactions between defendant Farhat and the confidential source relating to counts 1 through 7.   These recording are separate and apart from the recordings obtain via the Paraguayan Judicial wiretap.

b.      The government will attempt to obtain the supporting affidavits, the order, and related documents pertaining to the wiretapping of Mr. Farhat's phone by Paraguayan law enforcement.

c.      The government will extract e-mails from the server seized from Mr. Farhat and aims to make them available to the defense by the first week of April 2020.  The government will also provide the location of the e-mails within the server. The government will also advise the defense where the chart purporting to show how the money-laundering scheme was organized was located within the server.

d.      The government agrees that evidence of the conspiracy alleged in count 1 will be limited to evidence of the substantive offenses alleged in counts 2 through 7 of the indictment, as well as inextricably intertwined evidence from a March 2018 money drop in New York (located in Bates 1-29).

e.      At the request of the defense and in lieu of a response to a defense motion for statement of particulars, the government will aim to provide to the defense by the first week of April 2020, the identities of any co-conspirators not already named in the indictment; and a list of money laundering transactions pertaining to Count 8. To the extent possible, the government will attempt to identify for the defense specific communications associated with the transactions. Given the time-intensive nature of such a request, the government may need longer than the first week of April to identify all such communications.

f.       The government shall disclose to the defendant the existence and substance of any payments, promises of immunity, leniency, preferential treatment, or other inducements made to the confidential source by the first week of April 2020.

g.      The government will provide the defense with a record of prior convictions for witnesses identified thus far that will testify for the government by the first week of April 2020.  However, the government reserves the right to add additional witnesses and will supplement its discovery of cooperating witnesses as they become available. Moreover, the government has advised the defense that additional Farhat co-conspirators may be added to an additional superseding indictment before trial.

Therefore, witnesses that currently do not have convictions may have a conviction before Farhat's trial

| | |
|---|---|
| Respectfully submitted,<br><br>MICHAEL CARUSO<br>FEDERAL PUBLIC DEFENDER<br><br>By:     s/*Daryl E. Wilcox*<br>        Daryl E. Wilcox<br>        Assistant Federal Public Defender<br>        Florida Bar No.  838845<br>        One E. Broward Boulevard,Ste 1100<br>        Fort Lauderdale, FL 33301-1842<br>        (954) 356-743<br>        Daryl_Wilcox@fd.org | Respectfully submitted,<br><br>ARIANA  FAJARDO ORSHAN<br>UNITED STATES ATTORNEY<br><br>By:   s/ *Michael Thakur*<br>        Michael Thakur<br>        Court No. A5501474<br>        Florida Bar No. l011456<br>        99 Northeast 4th Street<br>        Miami, Florida 33132-2111<br>        Tel: (305) 961-9361<br>        Fax: (305) 530-7976<br>        Michael.Thakur@usdoj.gov |

**CERTIFICATE OF SERVICE**

I HEREBY certify that on March 4, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

By: s/***Daryl E. Wilcox***
           Daryl E. Wilcox